UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PATRICIA MAYE REED,**

      **Plaintiff,**

v.                                                                                                     Case No:   6:19-cv-1900-Orl-22GJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Patricia Maye Reed (the "Claimant"), appeals a final decision of the Commissioner of Social Security (the "Commissioner"), denying her claim for Social Security Disability Benefits. Doc. No. 1. Claimant alleges a disability onset date of August 31, 2011. R. 585. Claimant argues that the Administrative Law Judge (the "ALJ") erred in weighing the opinions of Vinod Malik, M.D. ("Dr. Malik") a treating physician. Doc. No. 19 at 15. Upon consideration of the parties' arguments and the record, the Court recommends that the final decision of the Commissioner be **AFFIRMED.**

**I.**      **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla–i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision

is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.   ANALYSIS.

Claimant was injured in a fall from a ladder on August 31, 2011 in which she broke her back and her wrist. R. 589-90.  Claimant's date last insured was December 31, 2014.  R. 587. Claimant was not working when she was injured, having been laid off in 2009 from her job as an assistant director of personnel.  R. 598.

The ALJ found that Claimant had the following severe impairments:  status post fracture at T12-L1, internal fixation and reduction, left radial fracture, and chronic lumbosacral myofasciitis.  R. 587.  The ALJ found that despite these impairments Claimant could perform light work with the following restrictions:

> She could occasionally lift and carry 20 pounds, and she could frequently lift and carry 10 pounds.  She could stand or walk for one hour at a time for up to four hours out of an eight-hour workday. She could sit for one hour at a time for up to six hours out of an eight-hour workday.  She could occasionally stoop, crawl, and climb stairs. She could not crouch and could not climb ladders.  She could occasionally use foot controls with both feet.  She could occasionally reach overhead.  She could have no exposure to heights.  She could frequently be around machinery.  She could have occasional exposure to temperature extremes and humidity.

>She needed to avoid concentrated exposure to dust, fumes and gases.
>She could frequently drive. She could not be around vibrations.

R. 588. Based on the testimony of the vocational expert, the ALJ found at Step Four that Claimant could perform her previous work as a personnel clerk. R. 599, 654, 658-59.

In reaching his decision, the ALJ considered two medical source opinions provided on August 25, 2015 and November 14, 2015, by Dr. Malik, a physician who specializes in pain management. R. 595; R. 555-60, 574-81. Dr. Malik began treating Claimant after her date last insured, but offered his opinions related to the relevant period. R. 595. The ALJ gave Dr. Malik's August and November 2015[1] opinions little weight because they were inconsistent with the record of treatment from his office as well as the objective findings of other treating physicians prior to Claimant's date last insured. R. 595.

The ALJ also considered a new medical source statement from Dr. Malik that was submitted on October 18, 2018. R. 596; R. 842-47. Dr. Malik opined Claimant could: occasionally lift up to ten pounds but could not carry any weight; she could sit for twenty minutes, stand for ten minutes, and walk for ten minutes out of an eight-hour workday; if Claimant had a sedentary job, her legs would need to be elevated four hours during an eight-hour workday; Claimant could not push or pull but could occasionally reach, handle, finger and feel; she could occasionally operate foot controls with the right foot; she would be off task 25% or more of the

---

[1] The November 2015 opinion clarified and built on the August 2015 opinion, providing reasons for the limitations suggested by Dr. Malik. The original opinion provided that Claimant: could not carry any weight, could stand for one hour, walk for one hour, and sit for two hours; could not push or pull; could occasionally reach, handle, finger and feel; could occasionally operate foot controls with the right foot; could occasionally climb ramps, stairs, and balance; could not perform the remaining postural activities; could have no exposure to unprotected heights, moving mechanical parts, operating a motor vehicle, humidity, and wetness. Dr. Malik opined Claimant was disabled, but provided no opinions on past limitations. R. 555-60. The first resubmission indicated Claimant's limitations were present on August 31, 2011. R. 579. The November 2015 opinion clarified Dr. Malik mixed up sections about how long Claimant could sit, stand, or walk in an eight hour day and at one time. R. 581. The one hour and two hour limits were per day and Claimant could sit 20 minutes at a time, and stand or walk 10 minutes at a time. *Id.* Dr. Malik stated he did not know if Claimant would have limitations with left foot control, vibrations, and noise. *Id.*

time during a typical workday; she was incapable of even low stress work; she could occasionally climb ramps and stairs, and occasionally balance, but could not perform the remaining postural activities; she could occasionally operate a motor vehicle; she could have occasional exposure to extreme heat and vibrations; she could have no exposure to unprotected heights, moving mechanical parts, humidity, wetness, and extreme cold; she would miss more than four days of work per month; and these limitations were first present on August 31, 2011, the day she was injured.  R. 597; R. 842-47.  The ALJ gave this opinion little weight because it was inconsistent with the record of treatment from Dr. Malik's office and because it was inconsistent with the objective exams and findings of Claimant's other treating physicians including Dr. McCall, Dr. Kuhn, and Dr. Woodard who treated Claimant during the relevant period.[2]  R. 597.

In discussing his decision to give Dr. Malik's opinions little weight, the ALJ explained that:

> Little weight is accorded to this opinion [November 14, 2015] because it is inconsistent with the record of treatment from Dr. Malik's office.  On March 10, 2015, the claimant met with a nurse practitioner, Lorrie Kenseth, in Dr. Malik's office.  Ms. Kenseth noted that the claimant had a history of chronic pain with an occasional exacerbation.  Ms. Kenseth wrote that the claimant's pain was reasonably controlled and that the claimant was stable on her medications.  The exam revealed moderate tenderness in the lumbar paraspinous region, reduced range of motion in all directions, and a negative straight leg raise, and normal strength. The claimant's gait was antalgic.  See Ex. 16F. On July 7, 2015, Dr. Malik noted that the claimant had a reduced range of motion with pain, an antalgic gait and normal strength. See 19F/9. Dr. Malik's opinion is inconsistent with the objective exams and findings of the claimant's other medical providers.  On February 3, 2012, Dr. McCall released the claimant from his care without restrictions. See Ex. 4F.  On May 18, 2012, Dr. Kuhn reviewed the claimant's recent imaging studies and noted that there were no significant structural problems in the spine or evidence of any significant spinal cord or nerve root compression that would require surgical

---

[2] Dr. Kuhn performed Claimant's back surgery, Dr. McCall performed surgery on Claimant's wrist, and Dr. Woodard was her primary care physician.  R. 288, 290, 331.

> intervention. See Ex 6F/1. On January 31, 2013, the claimant had a follow up appointment with Dr. Woodard. The claimant requested a parking permit and a refill on hydrocodone. See Ex. 11F/29. At other primary care appointments, the objective exam findings were minimal or normal. See Exs. 11F/1, 7, 12F/5, 15F/1. As summarized herein, Dr. Malik's opinion is inconsistent with his treatment records and inconsistent with the claimant's record of treatment as a whole.

R. 595; R. 325-33, 343, 404-05, 410, 432, 466-67, 527-28, 532-39, 570. The ALJ cited the same records to support giving little weight to Dr. Malik's October 18, 2018 opinion as well. R. 597.

Claimant argues that the ALJ failed to apply the correct legal standard to Dr. Malik's opinions and the ALJ's decision to give Dr. Malik's opinions little weight was not supported by substantial evidence.[3] Doc. No. 19 at 15. Claimant argues that Dr. Malik's opinions are not inconsistent with his treatment records, the ALJ overlooked facts, and the ALJ cherry-picked findings from Dr. Malik's treatment notes in order to reject his opinions. *Id.* at 19.

With respect to Dr. Malik's treatment records, Claimant argues that Dr. Malik's findings of moderate tenderness, reduced range of motion in all directions, a negative straight leg raise, normal strength, and antalgic gait, are not inconsistent with his opinion regarding Claimant's limitations. *Id.* at 18. Claimant also argues that the ALJ overlooked and cherry-picked findings because the ALJ did not acknowledge Claimant appeared at multiple examinations "mildly distressed due to pain," that she got less than full relief from two bilateral facet joint injections she received, and the ALJ failed to recognize that Dr. Malik is double board certified by the American Board of Anesthesiology in anesthesiology and pain medicine. *Id.* at 18-19.

---

[3] This matter was remanded to the ALJ after an earlier decision was reversed by this Court. R. 585. Upon remand, the ALJ was directed to, in pertinent part, "reconsider the weight accorded to Dr. Malik's functional capacity assessment." R. 585.

With respect to the noted inconsistencies with other treating physicians' findings, Claimant argues that Dr. McCall's release of Claimant from his care with no restrictions and Dr. Kuhn's findings of no significant structural problems in the spine or evidence of any significant spinal cord or nerve root compression that would require surgical intervention do not detract from Dr. Malik's opinion regarding Claimant's functional capacity related to her level of pain.  *Id.* at 20.  Claimant argues that her appointment with Dr. Woodard on January 31, 2013, which the ALJ cites, was a follow-up examination to go over Claimant's lab reports and Dr. Woodard did not perform a musculoskeletal examination because he only documented examination findings for Claimant's lungs, cardiovascular system, and abdomen. *Id.* at 20.   Claimant argues other appointments with Dr. Woodard were only for medication refills or lab results.   *Id.* at 21.

The Commissioner argues that the ALJ properly weighed Dr. Malik's medical opinions and properly considered Claimant's condition during the relevant period by reviewing the entire record.   *Id.*   The Commissioner argues that Dr. Malik's treatment records do not support or explain his highly restrictive medical source statements.  *Id.* at 25.   The Commissioner argues that Claimant is trying to reargue the evidence to support Dr. Malik's more restrictive medical opinions.   *Id.* at 28.

In *Winschel v. Commissioner of Social Security*, the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. 631 F.3d 1176, 1178-79 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).   The opinions of examining physicians are

generally given more weight than non-examining physicians, treating more than non-treating, and specialists more than non-specialists.  20 C.F.R. § 404.1527(c).  A treating physician's opinion is still entitled to significant weight even if he did not treat the claimant until after the relevant adjudicatory period.  *Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983).

Good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records. *Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-41).[4] A failure to specifically articulate evidence contrary to a treating doctor's opinion requires remand. *Poplardo v. Astrue*, No. 3:06-cv-1101-J-MCR, 2008 WL 68593 at *11 (M.D. Fla. Jan. 4, 2008); *Paltan v. Comm'r of Soc. Sec.*, No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342 at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required."). However, it is axiomatic that the ALJ need not discuss each and every piece of medical evidence contained within a particular treatment note. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [the Court] to conclude that [the ALJ] considered her medical condition as a whole." (internal quotation marks omitted)).

In recounting Dr. Malik's record of treatment, the ALJ noted Claimant was calm, coherent, and cooperative as well as "mildly distressed due to pain" at multiple appointments, had moderate tenderness in her lumbar region, had a moderately limited range of motion in all directions, and

---

[4] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

got some pain relief, 25% and 60%, from the two facet injections she received.  R. 592-93; R. 532-39, 544, 562, 570, 1129.  In giving Dr. Malik's opinions little weight, the ALJ acknowledged Claimant's pain, but noted that Dr. Malik and his nurse practitioner found Claimant's pain was reasonably controlled with Hydrocodone and Claimant was stable with her medication.  R. 595, 597; R. 532-39, 570.  The ALJ also relied on the objective exams and findings of the physicians who treated Claimant before her date last insured.  R. 595, 597; R. 325-33, 343, 432, 404-05, 410, 466-67, 527-28.  Dr. McCall released Claimant from his care with no restrictions and Dr. Kuhn found no significant structural problems in the spine or evidence of any significant spinal cord or nerve root compression that would require surgical intervention.  R. 595, 597; R. 325-33, 343.

With respect to Claimant's January 31, 2013 appointment with Dr. Woodard, the record reflects that Claimant requested a parking permit and a refill on her Hydrocodone.  R. 432.  The ALJ observed no physical abnormalities were noted on the exam.  R. 595, 597.  A review of that treatment record indicates that Claimant reported "no muscle aches, no muscle weakness, no arthralgias/joint pain and no back pain" at that appointment and Dr. Woodard did not indicate any findings related to her musculoskeletal system.  R. 433.  Dr. Woodard's other treatment records, which were cited by the ALJ, reflect that physical exams, including musculoskeletal examinations, were conducted at most of Claimant's appointments.  *See* R. 404, 405, 410, 436, 466, 527, 528.  As the ALJ observed, the objective findings were generally minimal or normal, with findings of normal tone and motor strength, no contractures, malalignments, tenderness, or bony abnormalities of the joints and normal movement of all extremities. R. 595, 597; R. 404-05, 410, 466-67, 527-28.  Claimant reported back pain at some appointments, but not at others.  R. 404-05, 410, 466-67, 527-28.

The ALJ provides specific reasons for his decision to afford Dr. Malik's opinions little weight. The Court finds that the ALJ did not overlook facts or cherry-pick evidence to support his decision to afford Dr. Malik's opinions little weight. The ALJ considered all the relevant treatment records, even if he did not specifically discuss each objective finding or fact, when giving Dr. Malik's opinions little weight.

The Court also finds there was substantial evidence to support the ALJ's decision to give Dr. Malik's opinions little weight. The ALJ relied on Claimant's clinical exams, imaging studies, and course of treatment, and treatment records from Dr. Malik which reflect that Claimant was mildly distressed due to pain, but that her pain was reasonably managed with medication and she was otherwise stable. R. 595, 597-98, 599; R. 532-39, 544, 562, 570, 1129. The ALJ also relied on Claimant's release without restrictions in 2012 from her wrist surgeon; Dr. Kuhn's objective findings regarding her spinal conditions; and Dr. Woodard's generally minimal and normal findings related to Claimant's physical condition upon examination during the relevant period ending December 31, 2014. R. 595, 597-98, 599; R. 325-33, 335, 343, 432, 404-05, 410, 466-67, 527-28. As the ALJ's decision is supported by substantial evidence, the Court finds no reason to disturb that decision on review. *See D'Andrea v. Comm'r of Soc. Sec.*, 389 F. App'x 944, 948 (11th Cir. 2010) (per curiam) (rejecting argument that ALJ failed to accord proper weight to treating physician's opinion "because the ALJ articulated at least one specific reason for disregarding the opinion and the record supports it.").

Accordingly, it is **RECOMMENDED** that:

1. This matter be **AFFIRMED**; and
2. The Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and

Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on October 22, 2020.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Richard A. Culbertson
3200 Corrine Drive
Orlando, Florida 32803

Maria Chapa Lopez
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

Christopher Harris, Chief Counsel, Region IV
John C. Stoner, Deputy Regional Chief Counsel
Megan Gideon, Branch Chief
You-Jin Han, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Stephen C. Calvarese
Administrative Law Judge
Office of Hearing Operations
Bldg 400, Suite 400
8880 Freedom Crossing Trail
Jacksonville, Florida 32256-1224